## IN THE CIRCUIT COURT FOR BRADLEY COUNTY, TENNESSEE

LINDA HELMS and GARY HELMS, )
)
    Plaintiffs, )
) Docket No. V-19-289
v. )
) JURY DEMAND
WAL-MART, INC. and WAL-MART )
STORES EAST, LP d/b/a WAL-MART )
SUPERCENTER #5263 a/k/a CLEVELAND )
SUPERCENTER, )
)
    Defendants. )

### COMPLAINT

Come now the Plaintiffs, Linda Helms and Gary Helms, by and through counsel, and hereby bring this cause of action for injuries and damages against the Defendants as hereinafter described:

1. Plaintiffs, Linda Helms and Gary Helms, reside at 165 Heritage Lane, Cleveland, Bradley County, Tennessee 37323.

2. Defendant, Wal-Mart, Inc., is a foreign corporation authorized to do business in the State of Tennessee, and can be served through its registered agent: C.T. Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929.

3. Defendant, Wal-Mart Stores East, LP, is a foreign corporation authorized to do business in the State of Tennessee, and can be served through its registered agent: C.T. Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919.

4. On or about June 9, 2018, the Defendants owned and operated a supercenter at 2300 Treasury Drive SE, Cleveland, Tennessee 37323, known as Wal-Mart Supercenter #5263 and/or Cleveland Supercenter.

5. On or about June 9, 2018, Plaintiff, Linda Helms, visited the above-referenced Wal-Mart Supercenter #5263 to pick up groceries.

6. As Plaintiff, Linda Helms, was shopping at the supercenter, she slipped and fell on sugar that was on the floor.

7. On or about June 9, 2018, Defendants were responsible for the proper maintenance, repair, cleaning, and safe upkeep of the premises.

8. Defendants have admitted they were at-fault in causing Linda Helms' injuries.

9. Plaintiff, Linda Helms, was injured as a direct result of the negligence of the Defendants.

10. The Defendants failed to exercise reasonable care to prevent injury to the Plaintiff, Linda Helms, who was lawfully on the premises at the time of her injury.

11. The sugar on the floor created an unreasonable risk of harm to the Plaintiff and other customers in the store.

12. The Defendants created the unsafe condition or in the alternative, knew or should have known of the unsafe condition, and failed to warn of the unsafe condition.

13. The Defendants' negligent acts and omissions include, but are not limited to, the following:

    a. Maintaining an unsafe condition on the property which created an unreasonable risk of harm to customers;

    b. Creating, causing, permitting, or allowing accumulation of a foreign substance on the floor;

    c. Failing to properly inspect the area and/or to remove the foreign substance;

    d. Failing to warn of the unsafe condition;

    e. Failing to prevent access by customers to the unsafe area; and,

  f. Failing to exercise ordinary care under the conditions and circumstances then existing.

14. In addition, and/or in the alternative, the Defendants are liable under the doctrine of *res ispa loquitur*.

15. The Defendants were negligent and/or negligent *per se* in failing to keep the premises fit and failing to keep the premises in a safe condition.

16. As a direct and proximate result of the negligence of the Defendants, Plaintiff, Linda Helms will suffer permanent physical injury, impairment, and dysfunction. The pain and physical dysfunction have interfered with her activities of daily living and have caused a loss of enjoyment of life. Plaintiff, Linda Helms, has experienced great pain and suffering and will continue to experience pain and suffering in the future. Plaintiff, Linda Helms, has incurred medical expenses and will continue to incur medical expenses in the future.

17. For her injuries, pain and suffering, medical expenses, loss of earnings and loss of earning capacity, permanent disability, and loss of enjoyment of life, Plaintiff, Linda Helms, is entitled to recover damages from the Defendant in a reasonable sum to be determined by a jury, not to exceed $500,000.00, plus the costs of this cause.

18. Plaintiff, Gary Helms, as husband of Linda Helms, is entitled to recover from the Defendants for loss of consortium, services, and love and affection of his wife. For his loss of consortium, services, and love and affection of his wife, Plaintiff, Gary Helms, is entitled to recover damages from the Defendants in a reasonable sum to be determined by a jury, not to exceed $50,000.00, plus the costs of this cause.

WHEREFORE, Plaintiffs demand:

a. That Plaintiffs have judgment against the Defendants in a reasonable sum to be determined by a jury, not to exceed $550,000.00, plus costs;

b. That a jury be empaneled to try the issues when joined; and,

c. That they have such other and further relief as may be just and proper.

Respectfully submitted,

THE HAMILTON FIRM

By: _____
Hubert E. Hamilton, BPR #012530
*Attorney for Plaintiff*
2401 Broad Street, Suite 102
Chattanooga, TN 37408
Phone: (423) 634-0871
Fax: (423) 634-0874

THE HAMILTON FIRM

By: _____
Patrick A. Cruise, BPR #024099
*Attorney for Plaintiff*
2401 Broad Street, Suite 102
Chattanooga, TN 37408
Phone: (423) 634-0871
Fax: (423) 634-0874

STATE OF TENNESSEE, COUNTY OF BRADLEY
I, Gayla H. Miller, Clerk of the Circuit Court of said County, do hereby certify that the foregoing is a true copy of the ____Complaint____ as same as appears on the file in my office.
WITNESS my hand and Official Seal, at office in Cleveland, Tennessee. This __29__ day of __May__ 20__19__.
GAYLA H. MILLER, Clerk
_____ Deputy Clerk